# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 08-50935
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL JAMELLE TUBBS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:03-CR-41-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Samuel Jamelle Tubbs, federal prisoner # 27194-180, represented by appointed counsel, appeals from the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the crack cocaine amendments to the Sentencing Guidelines. The district court's denial of Tubbs's motion is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50935

Tubbs's guidelines range was not derived from the quantity of crack cocaine involved in the offense but from his career offender status. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Accordingly, the district court did not err in determining that a reduction was not permitted under § 3582(c)(2) and did not abuse its discretion in denying a sentence reduction. *See id.* Tubbs's suggestion that the district court should have applied the Guidelines in an advisory manner is unavailing. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Tubbs challenges the district court's failure to appoint counsel for him in the district court proceeding. In *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995), this court held that a § 3582(c)(2) movant had no right to the appointment of counsel in the district court. Further, because Tubbs was not eligible for relief under § 3582(c)(2) due to his career offender status, the appointment of counsel was not warranted in the interest of justice. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel in the interest of justice due to complexity of § 3582(c)(2) motion).

Tubbs also challenges his status as a career offender. A § 3582(c)(2) motion may not be used to challenge a district court's calculation of an original sentence or to contest the appropriateness of the sentence. *Whitebird*, 55 F.3d at 1011; *Evans*, 587 F.3d at 674. Thus, Tubbs's challenge to his status as a career offender is not cognizable in a § 3582(c)(2) motion. *See Evans*, 587 F.3d at 674.

Tubbs has not shown error in either the denial of his § 3582(c)(2) motion or in the denial of his request for counsel in the district court. Accordingly, the judgment of the district court is AFFIRMED.